IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PITTSBURGH THEATRICAL PROTECTIVE ASSEMBLY, LOCAL NO. 3 OF THE INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFL-CIO, CLC, an unincorporated association and labor organization,<br><br>        Plaintiff<br><br>vs.<br><br>WTAE DIVISION-HEARST-ARGYLE STATIONS, INC., owner and operator of television station WTAE-TV, a corporation,<br><br>        Defendant | Civil Action No. |

## COMPLAINT

AND NOW COMES the plaintiff, Pittsburgh Theatrical Protective Assembly, Local No. 3 of the International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, its Territories and Canada, AFL-CIO, CLC, an unincorporated association and labor organization, by its attorneys, Ernest B. Orsatti, Esquire, and Jubelirer, Pass & Intrieri, P.C., and files the instant civil action against defendant, WTAE Division-Hearst-Argyle Stations, Inc, owner and operator of television station WTAE-TV, a corporation, for specific enforcement of the collective bargaining agreement, and for damages for breach of the collective bargaining agreement, and in support thereof avers as follows:

## I. Parties

1.      Plaintiff, Pittsburgh Theatrical Protective Assembly, Local No. 3 of the International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, its Territories and Canada, AFL-CIO, CLC (hereinafter referred to as "Local 3"), is an unincorporated association and labor organization representing employees in an industry affecting commerce as defined in Section 501 of the Labor Management Relations Act of 1947, as amended (hereinafter referred to as "LMRA"), 29 U.S.C. §142, and within the meaning of Section 301 thereof.  Local 3's principal offices are located at 800 Penn Avenue, Pittsburgh, Allegheny County, Pennsylvania 15222.

2.      Defendant, WTAE Division-Hearst-Argyle Stations, Inc, owner and operator of television station WTAE-TV (hereinafter referred to as "WTAE"), is a corporation doing business within this jurisdiction District, with a television studio and offices located at 400 Ardmore Boulevard, Pittsburgh, Allegheny County, Pennsylvania 15221-3090.

## II. Jurisdiction and Venue

3.      Jurisdiction of this Court is found in Section 301(a) of the LMRA, 29 U.S.C. §105(a), and the provisions of 29 U.S.C. §1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce".

4.      This Court is the proper venue for this action under Section 301(a) of the LMRA since Local 3 maintains its principal offices within this District and engages in representing employees of WTAE within this District, specifically at its facility located at 400 Ardmore Boulevard, Pittsburgh, Allegheny County, Pennsylvania 15221-3090.

### III. Statement of Claim

5. Local 3 and WTAE are parties to a collective bargaining agreement covering full time and part time stagehand employees. A copy of the collective bargaining agreement is attached hereto and made a part hereof as Exhibit 1.

6. By letter dated November 23, 2009, part time employee, Melanie Knepp, was discharged by WTAE because of tardiness. A copy of said letter is attached hereto and made a part hereof as Exhibit 2.

7. On November 24, 2009, a grievance was filed on behalf of Ms. Knepp by Local 3 Business Agent, Robert Brown. A copy of said grievance is attached hereto and made a part hereof as Exhibit 3.

8. Local 3 Business Agent Brown also sent a letter to WTAE on November 24, 2009, requesting documents relevant to the discharge of Ms. Knepp. A copy of said letter is attached hereto and made a part hereof as Exhibit 4.

9. By letter dated December 2, 2009, WTAE Director of Engineering, David A. Kasperek, advised Local 3 that WTAE did not consider the grievance "subject to arbitration". A copy of said letter is attached hereto and made a part hereof as Exhibit 5.

10. By letter dated December 7, 2009, Local 3 explained to WTAE that Local 3 considered the grievance arbitrable and demanded arbitration of the grievance. A copy of said letter is attached hereto and made a part hereof as Exhibit 6.

11. On December 8, 2009, WTAE again informed Local 3 that it did not consider the grievance subject to arbitration and requested that Local 3 withdraw the grievance. A copy of said letter is attached hereto and made a part hereof as Exhibit 7.

12. By letter dated December 11, 2009, Local 3 Business Agent Brown explained to WTAE Director of Engineering Kasperek that the parties' difference of opinion regarding the interpretation of the contract had to be decided by an arbitrator. A copy of said letter is attached hereto and made a part hereof as Exhibit 8.

13. By letter dated December 18, 2009, Attorney Peter P. Rahbar from WTAE's parent company, Hearst Corporation, Office of General Counsel, wrote to Local 3 and reiterated WTAE's position that the grievance was not subject to arbitration. A copy of said letter is attached hereto and made a part hereof as Exhibit 9.

14. On December 28, 2009, the undersigned counsel for Local 3 replied to Mr. Rahbar's letter of December 18, 2009. A copy of said letter is attached hereto and made a part hereof as Exhibit 10.

15. By letter dated January 14, 2010, Hearst Corporation counsel Rahbar responded to the December 28, 2009, letter. A copy of said letter is attached hereto and made a part hereof as Exhibit 11.

16. Article XVI, paragraph A, of the collective bargaining agreement reads:

> "A. When any difference arises as to the interpretation, application, or performance of this Agreement, a representative designated by the Union shall meet with a representative designated by the Employer in an effort to amicably adjust such difference (expressly exempted from this provision shall be questions involving management, policies, or prerogatives). At the Employer's sole option, this grievance procedure may also be utilized by Employer."

(Exhibit 1).

17. Article XVI, paragraphs C, D and E, of the collective bargaining agreements reads:

"C. In the event no agreement is reached at the second step of this process and the grievance involves the interpretation of (sic) application of any provisions of this Agreement, the Union may, upon written notice to the Employer, appeal the grievance to final and binding arbitration within thirty (30) calendar days (not including Saturdays, Sundays or holidays) from the date of receipt of the President/General Manager's or a designated Company representatives', decision. The parties shall then promptly attempt to mutually agree upon an impartial arbitrator within five (5) working days after the notice of appeal to arbitration. If the parties are unable to so mutually agree upon an impartial arbitrator, then the Employer and the Union shall request the Federal Mediation and Conciliation Service to submit a panel of nine (9) names of suggested impartial arbitrators who are members of the National Academy of Arbitrators. The parties shall then select the impartial arbitrator from such list by each party alternately removing one name from the list until one remains.

D. The decision of the impartial arbitrator shall be final and binding on the parties and on any Employees involved. Further, any mutual settlement between the parties of any dispute or grievance in any step of the grievance procedure shall be final and binding on all parties, including the involved Employees. The expense of arbitration, including the arbitrator's fees, the hearing room and the transcript of the testimony, if the parties mutually agree to have the hearing transcribed, shall be shared equally by the Employer and the Union.

E. The arbitrator shall not have jurisdiction or authority to add to, detract from, or alter in any way the provisions of this Agreement. Further, both the Union and the Employer may, if they so desire, appoint an alternate to represent the Union and/or the Employer with respect to any step of this grievance procedure."

18. WTAE has refused and is continuing to refuse to submit the grievance over the discharge of Melanie Knepp to arbitration.

19. Local 3 has incurred legal expense as a result of WTAE's flagrant refusal to comply with its arbitration obligation.

20. WTAE's flagrant and continued refusal to comply with its obligation to participate in binding arbitration can only be remedied by an order for specific performance of such contractual obligation.

21. WTAE's refusal to participate in arbitration constitutes an irreparable injury to Local 3, which poses a threat to industrial peace.

WHEREFORE, Local 3 prays:

A. That this Court enter an Order compelling WTAE to comply with Article XVI of the collective bargaining agreement by proceeding to arbitration forthwith;

B. That this Court enter an Order requiring WTAE to pay actual damages to Local 3, including an award of counsel fees resulting from their unreasonable refusal to comply with the grievance/arbitration contractual commitment;

C. That this Court award Local 3 such other relief as the Court may deem proper and just.

                        Respectfully submitted,

                        JUBELIRER, PASS & INTRIERI, P.C.


BY:   /s/ Ernest B. Orsatti
      Ernest B. Orsatti, Esquire
      Pa. I.D. #19891
      219 Fort Pitt Boulevard
      Pittsburgh, PA 15222
      412-281-3850
      412-281-1985 (fax)
      ebo@jpilaw.com
      Attorney for Plaintiff